KOUNTZ et al. v. CARPENTER. (No. 903.)

(Court of Civil Appeals of Texas. El Paso. Oct. 17, 1918.)

1. WATERS AND WATER COURSES ☞152(8)— PRIOR APPROPRIATION AND USE—EVIDENCE.

Evidence *held* to show prior appropriation and use by defendants and their vendors of one head of water for irrigation for a period of more than 10 years.

2. WATERS AND WATER COURSES ☞137 — APPROPRIATION OF WATER—DURATION.

The *right* to the use of water for irrigation runs with and is appurtenant to the land, and hence, like land, is subject to the 10-year statute of limitations.

3. WATERS AND WATER COURSES ☞151 — PRESCRIPTION—USE OF EXCESS WATER—EFFECT.

Where, after defendants' use of water for irrigation purposes for 14 years, plaintiff began using the excess water running through defendants' ditches, such use did not destroy defendants' already acquired prescriptive title to all of such water, or prevent the continued running of the statute of limitations.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Petition by A. J. Carpenter against C. C. Kountz and others. From an order granting a writ of temporary injunction the defendants appeal, and from an order prorating the use of one head of water for irrigation both the defendants and plaintiffs appeal. Reversed and temporary writ of injunction refused.

This case presents an appeal from an order granting a temporary writ of injunction on the petition of appellee, A. J. Carpenter, against appellants, C. C. Kountz, Maryhilda Galindo, and R. E. Lyles, and prorating between appellants and appellee the title and use of one head of water for purposes of irrigation in Toyah creek. On the hearing the trial court made and filed findings of fact, and as the appellants do not question the correctness of such findings, but do question and assign error to the court's conclusion therefrom as a matter of law, we will, so far as we deem it necessary in stating the controlling issue in the case as we view it, make an abbreviated statement of the court's findings as presenting the issues in the pleadings and as the court found the facts to be.

Appellee, Carpenter, is the owner of the lands claimed by him in his petition, and appellants own the land in severalty claimed by them. Toyah creek is a flowing stream, with well-defined banks and bed, and the principal source of supply of water is what is known as the Head spring, the flow of which is constant and uniform from year to year. Each tract of land involved in the contro-

versy abuts upon Toyah creek and is within its watershed, and each tract of land was acquired by its present owner from the state by mesne conveyances in a single transaction. The lands are in the arid portion of the state, where irrigation is necessary for the production of crops. All of the lands in question are now in cultivation by irrigation, each tract depending upon Toyah creek for water for such irrigation, appellee Carpenter cultivating by irrigation 100 acres, Kountz cultivating by irrigation 68 acres, Galindo cultivating by irrigation 17 acres, and Lyles cultivating by irrigation 60 acres. During the year 1870 G. B. Lyles, father of R. E. Lyles, was the owner of the several tracts now owned by appellants. During said year G. B. Lyles constructed a dam across Toyah creek where his lands abutted said creek, and by means of said dam and canals constructed by G. B. Lyles diverted a portion of the waters of said creek (the one head of water involved in this suit), and conveyed same to a portion of his said lands for the purpose of irrigation, the lands being the lands now owned and cultivated by appellants; that continuously, since 1870, during the crop season of each year, G. B. Lyles and his vendees (appellants) have applied the waters of said creek so diverted to portions of their said lands for irrigation by means of said dam and canals; that while appellee Carpenter's land abuts on said Toyah creek, it is impracticable for him to take water out of said creek at any point on his land and apply same to his land, and that the only practical method of applying said waters to his land for irrigation is by means of a dam situated at some point in said creek above his land, and conveying same through canals over other lands; that appellants' lands are situated on the creek above appellee's land, and about 1884 Niyeto, then owner of appellee's land, constructed a canal across the appellants' lands then owned by G. B. Lyles, and connected same with the said canal theretofore constructed by Lyles and by means of Lyles' dam and canal, as thus extended applied a portion of the waters of said creek to his (appellee's) land; that during the time G. B. Lyles and Niyeto severally owned said lands there was more water flowing in Toyah creek than was necessary to irrigate the lands involved in this suit, said lands constituting about all the lands then in cultivation, the acreage in cultivation being small and the crops grown requiring less water; that in the early 90's the waters in the Head spring were divided into halves, one part so diverted leading off in the direction of appellants' lands, and a lateral canal therefrom was constructed to appellants' lands; since that time the Reeves county irrigation district No. 1 has been organized and has succeeded to the rights and properties of all other Head creek water systems, and now controls the entire flow of

said Head spring, subject to the rights of riparian landowners and prior appropriators of said waters not situated within the boundaries of said district. None of the lands involved in this suit are within the boundaries or jurisdiction of said district. After the other irrigation systems above referred to were established, appellee continued to irrigate his land from the Lyles lateral canal when water was available through said lateral canal, and when not available appellee's land was irrigated through one of the other systems now owned by said district. Appellee nor his vendor had any difficulty in obtaining an adequate supply of water through said two canals until after said district No. 1 was organized, no controversy as to water arising prior thereto. In recent years the acreage under irrigation from said Head spring had greatly increased, and crops are now grown that require more water than formerly. Since the organization of said district No. 1 said district has permitted one head of water (2½ second feet) to flow down said Toyah creek to the lands of the parties to this suit, and has diverted and appropriated all the remainder of the flow of the Head spring, and refuses to deliver water to appellee's lands except for a charge which appellee does not see fit to pay, he not being in said district and claiming water as a riparian owner. Appellants now divert all of the water (the one head) which said district permits to flow down Toyah creek and appropriate same to their own use, and because of said exclusive use, as said by the trial court, plaintiff has "severed all diplomatic relations with defendants." Appellants and their vendors have at all times claimed the right to use all of the waters of Toyah creek deemed by them necessary to the proper irrigation of their lands, and for the past 10 years or more have diverted and used, by means of the Lyles dam and canal, as much as one head of water, and such use has been peaceable, open, notorious, uninterrupted, and undisputed for as much as 10 years or more. Appellee and his vendors for more than 10 years have applied the waters from Toyah creek and said Head spring to his lands for irrigation, partly by means of the Murphy canal system, now known as Reeves county irrigation district No. 1 system, and partly by means of said Lyles canal. Such use of said water by appellee likewise has been peaceable, open, notorious, uninterrupted, and continuous until about two years prior to the filing of this suit. Appellants have never heretofore and do not now dispute the appellee's right to receive the waters from said creek through the Lyles canal as extended on to appellee's land so long as there is more water flowing therein than appellants desire to use. The one head of water, the amount constantly flowing in said Lyles canal from Toyah creek, is more water than is reasonably necessary for the proper

irrigation of appellants' crops, the said amount of water so flowing into the Lyles canal being amply sufficient, when properly and reasonably applied and used, to properly irrigate all of the lands now in cultivation of both appellee and appellants. The Lyles dam and canals are situated upon lands owned by appellants and formerly were owned by appellants' vendors. For more than 10 years before the filing of this suit appellants have made a practice of applying the said waters, when same were needed, to their crops first when their crops were irrigated, then permitting the water to flow on down through the Lyles canal and the canal constructed by appellee connecting therewith to appellee's land. Appellants' lands are more porous and require more water than appellee's land. One irrigation per month is sufficient to produce good crops upon all the lands in question. By reasonable use of the one head of water flowing in the Lyles canal appellee's crops on his said lands can be properly irrigated in 10 days and the crops of appellants in 20 days.

The trial court concluded, and so ordered, that appellee should have the exclusive use of the entire flow of water in and through the Lyles canal for 10 consecutive days of 24 hours each, and that appellants should have the exclusive use of the entire flow of the water for 20 consecutive days of 24 hours each. All parties excepted and gave notice of appeal.

J. W. Parker, of Pecos, for appellants. W. A. Hudson, of Pecos, for appellee.

WALTHALL, J. (after stating the facts as above). We have possibly stated the facts more fully than is necessary to a brief statement of our conclusion as to the law arising therefrom. Appellants and appellee have each filed briefs, and we will confine our opinion to a discussion of the issues therein suggested.

[1, 2] Appellants present one assignment of error, viz.: The court erred in concluding as a matter of law that the water flowing down the Lyles ditch, and used by the defendants for the length of time and under the conditions found by the court, can be prorated by the court between appellee and appellants, and makes the proposition that the facts found indisputably show that appellants were the owners of the water in controversy by limitation and prescription. The counter proposition of appellee is that the mere use of the water of a stream in a particular manner will not ripen into a prescriptive right; that in this particular case, the rights of the riparian owners being equal, each has a right to make all the use of the water he can without infringing on the rights of others; and, therefore, in order to destroy the latter's rights, the use made by the claimant must be such as to deny their existence. We take it that the only question thus presented is, Do the facts found by the court show that appellants have, by limitation of 10 years, acquired title as against appellee to the full one head of water flowing in the Lyles canal? If they do not, appellee would be entitled to have the one head of water prorated, and an equitable distribution made between himself and appellants of the one head of water flowing in the Lyles canal. We do not mean to say that the pleadings or proof justify a holding that appellants would be entitled to a distribution through the Lyles canal. We will not discuss that question, as neither appellants nor appellee, by oral argument or brief, have suggested any method of distribution of the water other than through the Lyles canal. No question is made by appellants or appellee as to the sufficiency of the evidence to sustain every fact found by the court. We have, however, carefully reviewed the evidence in connection with the court's finding, and have reached the conclusion that appellants acquired by limitation the right and title to the full one head of water flowing into their canal. By the sixth and seventh findings of fact the court makes it clear that, during the year 1870, G. B. Lyles was the owner of the entire 160 acres of land now owned by appellants, and that during that year he constructed a dam across Toyah creek where his lands abutted said creek, and by means of said dam and canals diverted a portion of the waters of said creek, the dam so constructed, the point of diversion, and the portion so diverted being the one head of water now in controversy, and conveyed the same to and applied said water to his lands for purposes of irrigation, and that said G. B. Lyles, and his vendees and successors in title, appellants, have by means of said dam and canals continuously since the year 1870, during the crop season of each year, applied said waters to said lands for purposes of irrigation. Practically the same flow of water diverted and used by G. B. Lyles and appellants since 1870 is the same that now flows into and through appellants' dam and canals; the lands are the same now as then; and the only difference we observe is a change in the extent and character of the crops, the crops in the later years being more extensive and requiring more water than formerly. The diversion and use of the water so made, and the character of the means used under the evidence and facts found, to our mind, show an actual and visible appropriation of the full one head of water for purposes of irrigation, and that the diversion and use of the said water was commenced and continued under a claim of right, viz. that the lands irrigated thereby are riparian to the Head spring and stream from which the water is diverted, and that such claim of that particular quantity, one head of water, and its diversion and actual use on the lands to which same was conveyed, was inconsistent with its use on any other land, and was necessarily hostile to the claim of any other person or land. No suit was filed by appellant or his

predecessor in title or interest against appellants or their vendees questioning their right to divert or use the one head of water or any part of it during the 48 years such diversion and use have been made of the water by appellants and their predecessors in title. The uses of water for irrigation are so nearly akin to land and the uses of land, and in this sense is land, and the right of its use so runs with the land to which the right becomes appurtenant by its use in connection with the land, that in considering the question of limitation of 10 years we think the statute of limitation of 10 years applied to land would, by analogy, more nearly apply to diversion and use of water for irrigation than would any other rule.

[3] We have concluded that the subsequent use of the water by appellant and his predecessor in title, and the character of the use made, commencing about 14 years later than that of appellants, and such use being subject to the use made by appellants, and only as to the excess and at such times as appellants were not making use of same, did not have the effect to destroy the prescriptive title already acquired or prevent the continued running of the statute. The use made by appellee of the excess of the one head of water was in no way adverse to that of appellants, but was more in the nature of a permissive use of their dam and canals and the excess of water. We think our conclusions are sustained by the following authorities: Cape v. Thompson, 21 Tex. Civ. App. 681, 53 S. W. 368; 2 Farnham, etc., § 499; 2 Kinney on Irrigation, §§ 1040, 1041; Gould on Waters, 334 and 337; note in 93 Am. St. Rep. at page 722.

We need not discuss the question of appellee's right to water in Toyah creek flowing from the Head spring, but confine our opinion to his right to a pro rata division with appellants of the one head of water flowing through appellants' dam and canals.

We think we need not in this case discuss the doctrine of reasonable use of water. In our opinion, the facts do not suggest an application of the doctrine. For reasons stated, the case is reversed and the temporary writ of injunction refused.